UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12- cr-802 (KBF)
_____

UNITED STATES OF AMERICA

-against-

DOMINIQUE JEAN-PHILIPPE

Defendant.
_____

SENTENCING MEMORANDUM ON
BEHALF OF DOMINIQUE JEAN-PHILIPPE

BENJAMIN HEINRICH, P.C.
*Attorney for Defendant*
*Dominique Jean-Philippe*
189 East 163rd Street
Bronx, New York 10451
Tel: (718) 588-4400
Fax: (718) 588-4716

## SENTENCING MEMORANDUM

Defendant Dominique Jean-Philippe, through his counsel, respectfully submits this Sentencing Memorandum to  assist the Court in determining an appropriate sentence following Dominique's guilty plea to all five counts of the indictment against him. The aim of all of the crimes Dominique committed here was the theft of a large amount of Marijuana and the funds which that drug produced for its owners. And, as discussed below, it seems that Marijuana has been at the center of  Dominique's life since he was at least sixteen years old.

This Court's inherent power to exercise its own discretion in imposing sentence is discussed in an excellent article analyzing the Supreme Court's decisions on this issue. That article written by Alan Vinegrad and Douglas Bloom and published in the New York Law Journal, Volume 240-N0. 117, reviews and analyzes *Gall v. United States,* **552 U.S. 38, 128 S.Ct. 586 (Dec. 10, 2007);** *Kimbrough v. United States,*  **552 U.S.      , 128 S.Ct. 558 (Dec. 10, 2007) and other 2nd Circuit cases dealing directly with this issue.**  The following quote from that article truly states the current law on the Court's right to impose a just sentence based upon judicial common sense.

> "…sentencing courts are "generally free to impose sentences outside the recommended range" even based solely on disagreements with the policies underlying the guidelines. In doing so, sentencing courts must ensure that the justification for any variance is strong enough to support it, recognizing that **extraordinary circumstances are not necessary to justify a deviation from the guidelines** and there is no "rigid mathematical formula" by which justification can be measured.  Rather, district courts are instructed to employ their "informed and individualized judgment" to reach a sentence that is "sufficient but not greater than necessary to fulfill the purposes of sentencing"

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well.  Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. 3553(a).

The  primary  directive  in  Section  3553(a)  is  for  sentencing  courts  to  impose  a  sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553 (a)(2) states that such purposes are:

> to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> to afford adequate deterrence to criminal conduct;
> to protect the public from further crimes of the defendant; and

to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 3553(a) further directs sentencing courts to consider the following factors:

the nature and circumstances of the offense and the history and characteristics of the defendant (3553(a)(1);
the kinds of sentences available (3553(a)(3);
the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (3553(a)(6); and
the need to provide restitution to any victims of the offense (3553(a)(7).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation.

Under 18 U.S.C. 3661, no limitation shall be placed on the information concerning background, character, and conduct of the defendant which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.  This statutory language certainly overrides the, now advisory, policy statements in Part H of the sentencing guidelines, which lists, as not ordinarily relevant to sentencing, a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. 5H1.

The directives of Booker and 3553 make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the 3553 factors, many of which the guidelines either reject or ignore.

In sum, in every case, a sentencing court must now consider all of the 3553 factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.  And where the guidelines conflict with other sentencing factors set forth in 3553, these statutory sentencing factors should generally trump the guidelines.  *See* United States v. Denardi, 892 F.2d 269, 276-277 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since 3553 requires sentence to be no greater than necessary to meet the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

**Application of the Statutory Sentencing Factors**
**to the Facts of this Case**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender.**

   **Nature and Circumstances of Offense.**

There can be no argument that this was not a serious crime and the fact that the victims were drug dealers or the beneficiary of drug dealing may not be salient. As such, the defendant will not be heard to minimize the conduct engaged in except to the extent of maintaining the arguments made previously following the "Fatico Hearing". Hence, the Nature and Circumstances of the Offense concededly call for a serious sentence of imprisonment.

   **History and Characteristics of Dominique Jean-Philippe..**

The defendant, Dominique Jean-Philippe's, history and character have been best described by his older sister, Rose Thomas, 14 years older than Dominique. During her interview by the Probation Department and in her letter to this Court, Rose has set forth a portrait of a man whose personal history was clearly out of the norm as most of us know the "norm" to be. Left in Haiti by his mother until the age of six Dominique was brought to the United States only to be removed after only one year of living with his mother. And, as Rose reports, she believes Dominique's removal by child Welfare was due to abuse by his mother. From there he was sent to live with a step-father whose physical abuse he fled after about six years of enduring all he could take. After about two years living with an aunt in Harlem he was ultimately placed in a group home. He was sent back to Haiti at the age of sixteen (when he should have been in High School). Dominique returned to the United States after about one and a half years and tried living first with his step-brother in Florida and then back with his mother in New York. Those relationships did not work out and Dominique tried to redirect his life as he lived in Covenant House for two years. Unfortunately, alcohol and Marijuana became the only constants in his life at the age of sixteen. They have remained so.

Rose Thomas, an accomplished educator, knows Dominique well and she laments in her letter to the Court, that life has not provided her brother with the same nurturing support that she has been blessed with. She states: "It hasn't been the same for Dominique. Unfortunately, even I didn't always do what was right for him. As the second

of five children, being fourteen years older than he, I was aware of factors in the home that would predispose us to failure: poverty, illiteracy, illegitimacy, harsh criticism, parental fatigue and stress, severe beatings and punishments, lack of supervision, absent fathers, abusive and fleeting men, and high expectations without the necessary tools to meet them. Nevertheless, when I left for college, I took my baby sister with and left Dominique and our youngest brother behind with our single, overworked mother. The beatings and shaming continued as a way to discipline him. Even Children Services' one time involvement in the home did not deliver him,"      She continues to describe him above all, as "the most caring young man in the family".

In making an "individualized assessment" at sentencing, <u>United States v. Jones,</u> 531 F.3d 163, 182 (2d Cir. 2008), the sentencing court is tasked with seeing each defendant in his or her unique human complexity and, in light of a defendant's particular life story, determining the appropriate sentence for the crime a defendant has committed. As this Sentencing Memorandum and the letters submitted in support of Dominique demonstrate, he is much more than his criminal conduct: he is a person who has suffered an upbringing filled with instability, abuse, addiction and lacking in responsible adult guidance.  This Court can see reflected in Dominique's own words, found in his letter to this Court, annexed hereto, the depth of his remorse. He is a man who stands ready to accept a lengthy prison sentence as just punishment for his actions. His plea for mercy makes no excuses for his conduct but merely requests a measure of compassion for his family.

**Dominique Jean-Philippe Has been Plagued by his Addiction to Alcohol and Marijuana.**

The substance abuse addiction has followed him since he was a young  teenager and guided his every action leading Dominique on to a path directed entirely by the Marijuana industry. Indeed, with the exception of his December 1, 2005 arrest, it would seem fair to state that Dominique's entire criminal history involves Marijuana. Possessing Marijuana, Smoking Marijuana, Selling Marijuana and Stealing Marijuana have paved the road that has led to the sentence this Court must now impose.

**The defendant's criminal history.**

Pages 12-17 of the PSI talk about the defendant's criminal history. A close examination of that history supports the above assertion that Marijuana has been central to Dominique's personal and criminal life. His first conviction was for Attempted Resisting Arrest, a class B misdemeanor. On December 1, 2005 he was arrested and ultimately convicted of the Class E felony of Grand Larceny in the Fourth Degree and he was sentenced to five year probation in Westchester County. He was subsequently re-sentenced to ten months incarceration based on a "technical" violation of probation. With

the further exception of a February 20, 2007 conviction for possessing a forged driver's license, his remaining five convictions were all for Marijuana related offenses. Indeed, his sentence on January 9, 2007 was a  mandated "alcohol treatment" program. His pending charges in Bronx County are likewise Marijuana related charges.

The picture painted by the PSR of the defendant's criminal history, especially as "points" have been assigned, is not an accurate portrayal of what Dominique's true criminal history category should be. First, he received a total of 4 points for his September 4, 2006 arrest and his January 9, 2007 arrest when those case were combined for disposition. The PSR gives Dominique a total of 7 points for all of his Marijuana convictions (including subscribing 2 points to his January 16, 2007 conviction which should correctly have been 1 point). Pursuant to   U.S.S.G. sec. 4A1.1(c) those convictions should not total more than 4 points.  Accordingly, his total criminal history points should total 6, making him a Category 3 Offender.

The process of employing this number system to accurately define a human being is, at best, a valiant attempt at establishing equality in sentencing. That is all true and yet it often paints a false and misleading picture.  Keeping in mind that the defendant is a life long substance abuser, (alcohol and Marijuana) the fact that 5 of his arrests and convictions were for minor Marijuana charges is more reflective of the individual than any "point" system.   Clearly these charges are the classic mark of a substance abuser whose possession is criminal under the law but whose profile paints an unjust picture of the addict as a true career criminal.   In short, the defendant's criminal history,is overblown and paints an unfair portrait of the man.

**2.   The need for the Sentence Imposed To Promote Certain Statutory Objectives:**
**to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

If one believes that the only way to give recognition to the serious nature of any offense committed is to impose the longest jail sentence available, then there can never be an instance where the exercise of compassion, understanding and true evaluation of the individual to be  sentenced could find justification or the exercise of judicial discretion. The imposition of any lengthy prison sentence in a case such as this would certainly serve to promote the statutory objective.

**To afford adequate deterrence to criminal conduct.**

The imposition of an extended term of imprisonment combined with substance abuse treatment will surely deter Dominique from any further involvement in criminal conduct. Furthermore, this Court should be mindful that Dominique will ultimately be deported to Haiti.

**to protect the public from further crimes of the defendant.**

Once again, the imposition of a lengthy prison sentence combined with substance abuse treatment and the defendant's deportation, should certainly protect the public from any future criminal activity on the part of the defendant.

**to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Since it is anticipated that a lengthy prison sentence is to be imposed, the defense request for substance abuse treatment as a component of such a sentence should provide the defendant with all of the above so that he may emerge a healthy productive human being.

**3.   The Kinds of Sentences Available**

The defendant is statutorily eligible for a prison sentence of no less than seven years to run consecutive to any other sentence imposed. And, at a level 43 it does not matter what criminal history category you fall under the guideline is Life. However, this Court is still free to depart down giving at least some recognition to applicability of the additional 12 points being assigned as a result of the Court's finding following the Fatico hearing. Absent those points the defendant would be at a Level 34, Category 3 Offender with a suggested guideline range of 188 to 235 months. Still an extraordinary lengthy period of imprisonment.

**(4)   The Sentencing Range Established by the Sentencing Commission**

The guideline range which has been calculated by the Department of Probation in the PSR, of Life, does not adequately reflect the defendant's personal, or criminal history. As discussed above the defendant's criminal history does not fit into the cookie cutter type of calculation procedure generally employed by the sentencing guidelines. Similarly, his upbringing is outside the norm and should be factored in any sentencing consideration.

**(5)   The Need To Avoid Unwarranted Disparities**

This Court should take into consideration, when thinking of a sentence that reflects the seriousness of the offense, that the particular guideline sentence proposed here would create an unwarranted disparity with sentences imposed in similar case

Annexed hereto are a number of letters which will be referred to by the defense in oral argument on the date of sentencing.

This Court has a difficult decision to make in rendering sentence here.

Dominique's sister, Rose Thomas has requested this Court's permission to address the Court at sentencing. Counsel is therefore requesting that the court allow her a few moments to do so.

The probation department's recommendation of a Life sentence is overly harsh given the defendant's personal and criminal history.  And, this Court should find some way to balance the need for the imposition of a sentence that reflects the seriousness of the offense, promotes respect for the law while recognizing the defendant's personal tribulations and  efforts.  Therefore, the defense is requesting that this court consider imposing a sentence within the guideline range at a level 34 criminal history category 3.

**WHEREFORE,** it is respectfully requested that this court sentence the defendant Dominique Jean-Phillippe to a prison sentence within the guideline range at a level 34 criminal history category 3. And, that he be recommended to the Bureau of Prisons Substance Abuse Program.

Respectfully submitted,

<u>Benjamin Heinrich, Esq.</u>

Benjamin Heinrich
Attorney for Defendant-Dominique Jean-Philippe

Dated: January 26, 2014
Bronx, New York